IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-01594-PAB-STV

MIDTOWN INVESTMENTS, LP, a Delaware foreign limited partnership,

    Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY, a Michigan corporation,

    Defendant.

## ORDER

This matter is before the Court on Auto-Owners Insurance Company's Motion to Partially Dismiss the Complaint [Docket No. 10]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I.   BACKGROUND[1]

This is an insurance coverage dispute concerning an insurance policy that defendant issued to plaintiff. *See* Docket No. 3 at 2, ¶ 6. Plaintiff alleges that defendant's policy insured plaintiff against damage caused by windstorms. *See id.* On April 17, 2018, a windstorm "caused extensive damage to the windows and other items," to the covered storage facility in Denver, Colorado. *Id.*, ¶¶ 6-7. Plaintiff made a timely claim to defendant, and defendant issued plaintiff a claim number. *Id.*, ¶¶ 8-9. Defendant arranged an inspection of plaintiff's property on May 2, 2018, but took no

---

[1] The Court assumes that the allegations in plaintiff's complaint are true in considering the motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

other action until another inspection on May 16, 2019. *See id.* at 3, ¶¶ 10, 12. Defendant also had an engineer inspect the property. *See id.*, ¶ 14. On October 10, 2019, defendant sent plaintiff a letter stating that "[i]t appears there is no coverage for this loss based on the exclusions cited above" and said that its investigation was complete. *Id.*, ¶ 15.

On May 14, 2020, plaintiff filed suit in Denver County District Court. *See id.* at 1. Defendant removed the case to federal court on June 3, 2020. *See* Docket No. 1. Plaintiff brings four claims: (1) breach of contract; (2) unreasonable delay or denial pursuant to Colo. Rev. Stat. §§ 10-3-1113(3), 1115, 1116; (3) common law insurance bad faith; and (4) unjust enrichment. *See* Docket No. 3 at 5-7. On June 18, 2020, defendant filed a motion to dismiss plaintiff's breach of contract claim. *See* Docket No. 10. Specifically, defendant argues that the underlying insurance policy requires plaintiff to file suit within two years from the date the damage to the insured property occurred. *See id.* at 4. Because plaintiff did not file suit within two years of the date of the windstorm, April 17, 2018, defendant argues that plaintiff's breach of contract claim must be dismissed. *See id.* at 4-5.

## II.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The 'plausibility' standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible." *RE/MAX, LLC v. Quicken*

*Loans Inc.*, 295 F. Supp. 3d 1163, 1168 (D. Colo. 2018) (citing *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008)).  Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555) (alterations omitted).  However, a plaintiff still must provide "supporting factual averments" with his allegations.  *Cory v. Allstate Insurance*, 584 F.3d 1240, 1244 (10th Cir. 2009) ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." (citation omitted)).  Otherwise, the Court need not accept conclusory allegations.  *Moffet v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quotations and alterations omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)).  If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim.  *Khalik*, 671 F.3d at 1191 (quotations omitted).  Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Bryson*, 534 F.3d at 1286 (alterations omitted).

Defendant relies on one document outside of the pleadings in moving to dismiss

plaintiff's breach of contract claim. *See* Docket No. 10 at 4 (citing Docket No. 10-1). Generally, if a court considers matters outside the pleadings in deciding a Rule 12(b)(6) motion, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Here, defendant has submitted plaintiff's insurance policy. *See* Docket No. 10-1. The policy is referenced in and central to plaintiff's complaint. *See, e.g.*, Docket No. 3 at 2, 5-6 ¶¶ 6, 26-27, 30. Because plaintiff does not dispute its authenticity, *see, e.g.*, Docket No. 26 at 11, the Court may consider the insurance policy.

### III.  ANALYSIS[2]

The policy provision at issue states the following: "No one may bring a legal action against us under this Coverage Part unless . . . [t]he action is brought within 2 years after the date on which the direct physical loss or damage occurred." *See* Docket No. 10-1 at 103. Defendant argues that, because this policy provision unequivocally bars plaintiff from bringing a suit more than two years after the date of damage or loss, plaintiff's breach of contract claim is barred. *See* Docket No. 10 at 4-5. Plaintiff makes four arguments in response: (1) defendant cannot raise this argument in a motion to

---

[2] Because jurisdiction is based on diversity, the Court applies Colorado law in resolving the motion. *See Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995) ("In a case in which jurisdiction is founded on diversity, we apply the law of the forum state.").

4

dismiss; (2) the limitations clause in the policy is in conflict with Colorado's accrual statute; (3) even if it is not, the limitations clause is ambiguous and should be construed against defendant; and (4) if the limitations clause is not ambiguous and not in conflict with Colorado's accrual statute, defendant is estopped from enforcing the clause. See Docket No. 26 at 5-12.

First, the Court finds that defendant may raise its defense regarding the contractual limitations period in a motion to dismiss. The Tenth Circuit has stated that "a defendant may raise an affirmative defense by a motion to dismiss for the failure to state a claim." See Jiying Wei v. Univ. Wy. College of Health Sch. Pharm., 759 F. App'x 735, 739 (10th Cir. 2019) (unpublished) (citing Miller v. Shell Oil Co., 345 F.2d 891, 893 (10th Cir. 1965)). Specifically, "it is proper to dismiss a claim on the pleadings based on an affirmative defense . . . when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements." See Fernandez v. Clean House, LLC, 883 F.3d 1296, 1299 (10th Cir. 2018). For example, a court is permitted to resolve issues regarding a statute of limitations claims if "the dates given in the complaint make clear that the right sued upon has been extinguished." See Sierra Club v. Okla. Gas & Elec. Co., 816 F.3d 666, 671 (10th Cir. 2016) (citation and quotations omitted). Here, the complaint itself admits all the elements of the affirmative defense: plaintiff alleges on what day the damage occurred, see Docket No. 3 at 2, ¶ 7, and the complaint is time stamped with the date it filed suit. See id. at 1. As a result, defendant is permitted to raise the contractual limitations defense in its Rule 12(b)(6) motion.

Second, the Court finds that the contractual limitations clause is not in conflict

with the Colorado accrual statute.  In Colorado, "a contractual limitations period may override a statutory limitations period so long as such contractual clauses are not 'prohibited by statute.'"  *See Brookshire Downs at Heatherridge Condo. Assoc., Inc. v. Owners Ins. Co.*, 324 F. Supp. 3d 1201, 1203 (D. Colo. 2018) (citing *Grant Family Farms, Inc. v. Colo. Farm Bureau Mut. Ins. Co.*, 155 P.3d 537, 538 (Colo. App. 2006)).  Importantly, "[a] statute and [a] policy provision are not 'in conflict' merely because they are different from one another."  *See Meardon v. Freedom Life Ins. Co. of Am.*, 417 P.3d 929, 932 (Colo. App. 2018) (citing *Grant*, 155 P.3d at 538).  Plaintiff argues that *Grant* did not address the accrual statute, and the accrual statute, unlike the limitations statute, contains language prohibiting the shortening of the period.  *See id.*

The policy here states that plaintiff may not bring a legal action against defendant "unless . . . [t]he action is brought within 2 years after the date on which the direct physical loss or damage occurred."  *See* Docket No. 10-1 at 103.  Colorado's accrual statute states that "[a] cause of action for breach of any express or implied contract . . . shall be considered to accrue on the date the breach is discovered or should have been discovered by the exercise of reasonable diligence."  *See* Colo. Rev. Stat. § 13-80-108(6).  Thus, while plaintiff's policy starts the limitations period on the date the damage or loss occurred, Colorado's accrual statute starts the limitations period on the date plaintiff discovered, or should have discovered, defendant's alleged breach.  While the accrual date in plaintiff's policy is different from the statute, the statute does not contain any language prohibiting a shorter or different accrual date.[3]

---

[3] While *Grant* acknowledged that the limitations statute and the accrual statute were different, it ultimately did not rule on the accrual issue.  *See Grant*, 155 P.3d at 539.  However, there is no indication in *Grant* that its holding that a statute must contain

6

*See Grant*, 155 P.3d at 538.

Plaintiff, however, argues the statute does contain prohibitory language because it uses the words "shall" and "on the date." *See* Docket No. 26 at 7. But the test is not whether the language in the statute is mandatory. Rather, the test is whether it contains "language prohibiting" a different or shorter period. *See Grant*, 155 P.3d at 539. The limitations statute also uses the word "shall," *see* Colo. Rev. Stat. § 13-80-101(1), but the *Grant* court focused on the statute's use of prohibitory language, not mandatory language. *See id.*

Plaintiff next argues that the language of the limitations statute is distinguishable from the accrual statute because the limitations statute states that a claim must be filed "within" a certain date rather than "on" a certain date. *See* Docket No. 26 at 7-8. According to plaintiff, it is this "flexibility" that prevents the limitations statute from being in conflict with policy provisions similar to the one at issue here. *See id.* However, *Grant* and its progeny do not rely on this type of "flexibility"; the *Grant* line of cases focuses on prohibitory language, which the accrual statute does not have. Because the accrual statute does not contain any prohibitory language, the Court finds that the contractual policy provision and the accrual statute are not in conflict.[4]

---

language prohibiting a different period does not or should not apply to the accrual statute. *See id.* at 538-39.

[4] Plaintiff cites to *Etherton v. Owners Ins. Co.*, 829 F.3d 1209, 1225 (10th Cir. 2016), to support its argument that a contractual provision may not be in conflict with the statute. The issue, however, is not that general proposition, but what is required for a provision to be in conflict. In *Etherton*, the insurance policy prevented an insured from bringing an unreasonable delay claim in its entirety. *See id.* It was not a situation where the contract and the statutory provision merely differed in time, like they do here. Additionally, plaintiff's citations to Colorado Court of Appeals cases that predate *Grant* by decades are inapplicable to the current test for conflicts involving contractual

Third, plaintiff argues that the policy provision's limitation clause is ambiguous and, therefore, it should be construed against defendant. *See* Docket No. 26 at 10. Again, the policy states the following: "No one may bring a legal action against us under this Coverage Part unless . . . [t]he action is brought within 2 years after the date on which the direct physical loss or damage occurred." *See* Docket No. 10-1 at 103. Plaintiff contends that, because the policy does not say direct physical loss or damage "to the insured property" the provision is ambiguous. *See* Docket No. 26 at 11. In particular, plaintiff suggests that, without this addendum, "damage" could mean something like "breach of contract damages." *See id.* The Court disagrees.

Plaintiff is correct that any ambiguities in an insurance policy must be construed against the insurer and that policy language is ambiguous when it is susceptible to more than one reasonable interpretation. *See Cary v. United Omaha Life Ins. Co.*, 108 P.3d 288, 290 (Colo. 2005). In determining ambiguity, a court is charged with evaluating the policy "as a whole." *Id.* The Court finds that the policy clearly means "direct physical loss or damage" to the covered property. Plaintiff argues that the policy does not specify physical damage, and therefore "damage" "could reasonably be construed as damages for breach of contract." *See* Docket No. 26 at 12. But the more natural reading is that "physical" applies to both loss and damage. *See Midway Leasing, Inc. v. Wagner Equip. Co.*, – F. App'x – , 2021 WL 71254, at *5-6 (10th Cir. Jan. 8, 2021) (unpublished) (stating that an adjective before a series "ordinarily appl[ies]

---

limitations periods. *Owens v. Brochner*, 474 P.2d 603 (Colo. 1970), a Colorado Supreme Court case, is inapposite because it analyzed when, pursuant to statute, "a cause of action accrue[s] in a professional negligence case," *id.* at 605, not whether an insurance contract could modify the accrual date.

8

to each noun in a series"). Plaintiff neither provides support for the proposition that physical should reasonably be read only to include "loss" nor a single case where a court found similar policy provisions ambiguous.[5] The Court thus finds that the policy is susceptible to only one reasonable interpretation: that plaintiff must file suit within two years of the date of damage or loss to the covered property.

Finally, the Court finds that defendant has not waived its limitations defense. Plaintiff argues that, because defendant continued to adjust its claim, made no mention of the limitations clause, and did not "make [p]laintiff aware of its intention" to enforce the clause, defendant has waived its right to enforce it. Docket No. 26 at 12-15. The Court is unpersuaded. In Colorado, "[w]aiver is the intentional relinquishment of a known right or privilege." *See Steeplechase II Condo. Assoc., Inc. v. Travelers Indemnity Co.*, No. 17-cv-01273-PAB-NRN, 2018 WL 6571392, at * 3 (D. Colo. Dec. 13, 2018) (citing *Dep't of Health v. Donahue*, 690 P.2d 243, 247 (Colo. 1984)). A party impliedly, rather than explicitly, waives a privilege "when a party engages in conduct which manifests an intent to relinquish the right or privilege, or acts inconsistently with its assertion." *See id.* (citing *Duran v. Housing Auth.*, 761 P.2d 180, 183 (Colo. 1988)). "The party's conduct should be free from ambiguity and clearly manifest the intention not to assert the benefit." *Id.* (citation and quotations omitted). While plaintiff alleges that defendant continued to adjust its claim, "there is no indication that in doing so []

---

[5] The Court also notes that plaintiff's interpretation fails to account for the beginning of the limitations clause, which states that the insured may not "bring a legal action against us under this *Coverage Part*." *See* Docket No. 10-1 at 103 (emphasis added). The title of this "Coverage Part" is "Commercial Property Conditions." *See id.* As a result, this section clearly refers to the commercial property to which the policy applies.

9

defendant intended to waive its right to assert a timeliness defense if the plaintiff took legal action." *Id.* An insurer "do[es] not waive the limitations periods by continuing to investigate the alleged loss after the limitation period has run." *Id.* As for defendant informing plaintiff of its intentions, plaintiff cites no authority for the proposition that defendant must do so in order to avoid waiving its right under the contract.

Here, the property damage occurred on April 17, 2018. *See* Docket No. 3 at 2, ¶ 6. Plaintiff did not file suit until May 14, 2020. *See id.* at 1. As a result, plaintiff filed suit after the two year contractual limitations period ended and, as a result, its breach of contract claim is untimely.

## IV. CONCLUSION

For these reasons, it is

**ORDERED** that Auto-Owners Insurance Company's Motion to Partially Dismiss the Complaint [Docket No. 10] is **GRANTED**. It is further

**ORDERED** that plaintiff's first claim for relief is **DISMISSED** with prejudice.

DATED March 8, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge